IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01565-RM-KLM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID W. GOLDSTON, individually and as trustee of Old Times Holding Trust and High Mountain Holding Trust,
NANCY S. GOLDSTON, individually and as trustee of Old Times Holding Trust and High Mountain Holding Trust, and
W.W. INVESTMENT GROUP, LLC, as trustee of Old Times Holding Trust and High Mountain Holding Trust,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Unopposed Motion for Leave to File Amended Complaint** [#23][1] (the "Motion"). In the Motion, Plaintiff seeks leave to file an amended complaint which adds Janet and James Senneker (collectively, the "Sennekers") as defendants pursuant to 26 U.S.C. § 7403(b).

    The Court has discretion to grant a party leave to amend its pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" *Id.* Potential prejudice to a defendant is the most important factor in considering whether a plaintiff should be permitted to amend its complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Courts typically find prejudice only when the [proposed] amendment unfairly

---

[1] "[#23]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

affects the defendants in terms of preparing their defense to [claims asserted in the] amendment." *Id.* (quotation omitted).

In the Motion, Plaintiff states that "[t]he Sennekers contacted Counsel for the United States and presented him with a request to be notified should the property be sold because of their interest in purchasing the property. The Sennekers hold a 'right of first refusal' signed by the nominee title holder [of] the parcel designated 'Lot 2' in the Complaint." *Motion* [#23] at 2. 26 U.S.C. § 7403 governs cases, like the case at hand, "where there has been a refusal or neglect to pay any tax." 26 U.S.C. § 7403(b) states that "[a]ll persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto." While Plaintiff states that the Sennekers' right of first refusal may be void, it filed the instant motion and is seeking to amend the Complaint "in an abundance of caution" because the Sennekers "may claim an interest in the real property pursuant to Section 7403(b)." *Motion* [#23] at 2. Furthermore, Plaintiff states that Defendants do not oppose the Motion. *Id.* at 3.

Therefore, the Court finds that the proposed amendment will not prejudice Defendants and that the Motion should be granted.

IT IS HEREBY **ORDERED** that the Motion [#23] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Plaintiff's Amended Complaint [#23-1] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendants shall answer or otherwise respond to the Amended Complaint on or before **November 29, 2013**.

Dated: November 8, 2013