**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13-cv-01565-RM-KLM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID W. GOLDSTON, individually and
as Trustee of Old Times Holding Trust and
Trustee of High Mountain Holding Trust;
NANCY S. GOLDSTON, individually and
as Trustee of   Old Times Holding Trust and
Trustee of High Mountain Holding Trust;
JANET SENNEKER;
JAMES SENNEKER; and
W.W. INVESTMENT GROUP, LLC, as
Trustee of Old Times Holding Trust and
Trustee of High Mountain Holding Trust,

    Defendants.

---

## DEFAULT JUDGMENT
---

THIS MATTER is before the Court on the United States' Amended Motion for Default Judgment ("Amended Motion") (ECF No. 46) as to defendant W.W. Investment Group, LLC ("WWI) on the United States' Second Amended Complaint (ECF No. 45).  In this case, the Complaint was served upon defendant WWI on June 26, 2013.  (ECF No. 8.)  The Clerk of Court filed an Entry of Default on August 2, 2013.  (ECF No. 11.)  On November 8, 2013 and August 4, 2014, the United States filed an Amended Complaint and Second Amended Complaint,

respectively, but did not assert a new claim or alter the relief sought in the Complaint against WWI.[1]

The United States' Amended Motion seeks a default judgment against defendant WWI, as Trustee of Old Times Holding Trust and Trustee of High Mountain Holding Trust (collectively, "Trusts"), that such Trusts: (1) are nominees and alter egos of defendant David W. Goldston; and (2) hold (or held) title to certain property, known as Lot 2 and Lot 3, as nominees and alter egos of defendant David W. Goldston. In support of its Amended Motion, the United States relied on its allegations and documentary evidence submitted for the Court's consideration. The Amended Motion is unopposed by the Goldston defendants, also trustees of the Trusts.

WWI, being an entity, is not a minor, incompetent person or in the military service.

Upon consideration of the Amended Motion, the relevant portions of the Court's file, the representation of the parties during the status conference of July 31, 2014, the applicable statutes, rules and case law, and being otherwise fully advised, it is

ORDERED that the Amended Motion for Default Judgment (ECF No. 46) is GRANTED; and it is

FURTHER ORDERED that DEFAULT JUDGMENT IS HEREBY ENTERED in favor of the United States of America and against W.W. Investment Group, LLC, as Trustee of Old Times Holding Trust and Trustee of High Mountain Holding Trust; and it is

---

1 No service is required on a party who is in default for failing to appear, unless it is a pleading which asserts a new claim for relief against such defaulting party. With a new claim, service under Fed.R.Civ.P. 4 against the defaulting party is required. Fed.R.Civ.P. 5(a)(2).

FURTHER ORDERED, ADJUDGED and DECREED that Old Times Holding Trust and High Mountain Holding Trust are nominees and alter egos of David W. Goldston and merely hold (or held) title to Lot 2 and Lot 3 that are the subject of this action[2] as nominees and alter egos of David W. Goldston; and it is

FURTHER ORDERED that the United States shall serve a copy of this Default Judgment on the Senneker Defendants; and it is

FURTHER ORDERED that the United States' Motion for Default Judgment (ECF No. 37) is DENIED as moot.

DATED this 8th day of August, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[2] The properties that are the subject of this action are located in Gunnison County and are commonly referred to as Lot 2 and Lot 3 of the Davenport Ranch. The legal descriptions of the subject properties are as follows:

> Lot No. 2, Davenport Ranch, a part of the Homestead Entry No. 266 as shown on the Plat of said Davenport Ranch recorded October 15, 1981 as Reception No. 363072 and in the Plat recorded December 21, 1988 as Reception No. 411675.

> Lot No. 3, Davenport Ranch, a part of Homestead Entry No. 266 as shown on the plat of said Davenport Ranch recorded October 15, 1981 as Reception No. 363072, County of Gunnison, State of Colorado. Together with 25% of any mineral rights owned by grantors on said original Homestead Entry No. 266, excepting that grantees shall have no interest in and to that oil and gas lease from Arthur C. Davenport and Irena Melba Davenport to Rainbow Resources Inc., dated January 19, 1978 and recorded February 9, 1978 in Book 512 at page 314 with the Gunnison County Clerk and Recorder.