**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13-cv-01565-RM-KLM

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DAVID W. GOLDSTON, individually and
as Trustee of Old Times Holding Trust and
Trustee of High Mountain Holding Trust;
NANCY S. GOLDSTON, individually and
as Trustee of Old Times Holding Trust and
Trustee of High Mountain Holding Trust;
JANET SENNEKER;
JAMES SENNEKER; and
W.W. INVESTMENT GROUP, LLC, as
Trustee of Old Times Holding Trust and
Trustee of High Mountain Holding Trust;

    Defendants.

---

**ORDER OF FORECLOSURE AND JUDICIAL SALE**

---

    THIS MATTER comes before the Court on the Stipulation to Entry of Judgment (ECF No. 36). A final judgment as to Count Two of the Second Amended Complaint was entered by this Court in the above-entitled action on August 8, 2014, ordering that the United States' federal tax liens be foreclosed on Lot 3 and that the subject property, described below, be sold pursuant to 28 U.S.C. § 2001. Lot 3 is located in Gunnison County, Colorado and legally described as follows:

LOT NO. 3, DAVENPORT RANCH, a part of Homestead Entry No. 266 as shown on the plat of said Davenport Ranch recorded October 15, 1981 as Reception No. 363072, County of Gunnison, State of Colorado. Together with 25% of any mineral rights owned by grantors on said original Homestead Entry No. 266, excepting that grantees shall have no interest in and to that oil and gas lease from Arthur C. Davenport and Irena Melba Davenport to Rainbow Resources Inc., dated January 19, 1978 and recorded February 9, 1978 in Book 512 at page 314 with the Gunnison County Clerk and Recorder.

Accordingly, it is **ORDERED** as follows:

1.  The United States Marshal for the District of Colorado, his representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell Lot 3. The United States may choose either the United States Marshal or a PALS to carry out the sales under this Order and shall make the arrangements for any sale as set forth in this Order.

2.  The Marshal, his representative, or a PALS representative is authorized to have free access to Lot 3 and to take all actions necessary to preserve the real property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to Lot 3 is delivered to the ultimate purchaser.

3.  The terms and conditions of the sale are as follows:

    a.  the sale of Lot 3 shall be free and clear of the interests of David W. Goldston, Nancy S. Goldston, Nancy C. Goldston, Old Times Holding Trust, and W.W. Investment Group, LLC;

    b.  the sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting Lot 3, and easements and restrictions of record, if any;

  c. the sale shall be held at the courthouse of the county or city in which Lot 3 is located, on the premises of Lot 3, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

  d. the date and time for the sale are to be announced by the United States Marshal, his representative, or a PALS;

  e. notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in the county in which Lot 3 is situated, and, at the discretion of the Marshal, his representative, or a PALS, by any other notice deemed appropriate. The notice shall contain a description of Lot 3 and shall contain the terms and conditions of sale in this Order of sale;

  f. the minimum bid for Lot 3 will be set by the Internal Revenue Service. If the minimum bid is not met or exceeded, the Marshal, his representative, or a PALS may, without further permission of this Court, and under the terms and conditions in this Order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the second highest bidder(s);

  g. the successful bidder(s) shall be required to deposit at the time of the same with the Marshal, his representative, or a PALS, a minimum of ten percent of the bid, with the deposit to be made by certified or cashier's check or cash payable to the United States District Court for the District of Colorado;

Before being permitted to bid at the sale, bidders shall display to the Marshal, his representative, or a PALS, proof that they are able to comply with this requirement. No

bids will be received from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this Order of sale;

      h.      the balance of the purchase price for the sale is to be paid to the United States Marshall or a PALS (whichever person is conducting the sale) within 20 days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the District of Colorado.  If the bidder(s) fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied as described herein, below.  The realty shall be again offered for sale under the terms and conditions of this Order of sale.  The United States may bid as a credit against its judgment without tender of cash;

      i.      the sale shall be subject to confirmation by this Court.  The Marshal or a PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed, within 30 days from the date of receipt of the balance of the purchase price;

      j.      on confirmation of the sale, the Marshal or PALS shall execute and deliver a deed of judicial sale conveying the property to the purchaser;

      k.      on confirmation of the sale, all interests in, liens against, or claims to, the property that are held or asserted by all parties to this action are discharged and extinguished;

    l.  on confirmation of the sale, the Clerk and Recorder for Gunnison County, Colorado shall cause transfer of Lot 3 to be reflected upon that county's register of title; and

    m.  the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

  4. Until Lot 3 is sold, David W. Goldston and Nancy S. Goldston shall take all reasonable steps necessary to preserve Lot 3 (including all buildings, improvements, fixtures and appurtenances on Lot 3) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on Lot 3. They shall neither commit waste against Lot 3 nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of Lot 3 nor cause or permit anyone else to do so. Dr. and Mrs. Goldston shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of Lot 3 or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

  5. All persons occupying Lot 3 shall leave and vacate Lot 3 permanently within 30 days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property). If any person fails or refuses to leave and vacate Lot 3 by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person from the premises, whether or not the sale of Lot 3 is being conducted by a PALS. If any person

fails or refuses to remove his or her personal property from Lot 3 by the time specified herein, the personal property remaining on Lot 3 thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

6. All funds tendered to the Court for deposit shall comply with Fed.R.Civ.P. 67 and D.C.COLO.LCivR 67.2.

It is **FURTHER ORDERED** as follows:

The proceeds arising from the sales are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the order specified:

1. To the United States Marshal or the PALS (whichever person conducted the sale as arranged by the United States) for the costs of the sale;

2. To all taxes unpaid and matured that are owed (to county, borough or school district) for real property taxes on the property;

3. To the federal income taxes of David W. Goldston for the outstanding federal income tax liabilities, employment taxes and civil penalty assessments for the 1992 through 2005 and 2009 tax years and periods set forth in the Second Amended Complaint, plus all interest and penalties due and owing thereon; and

4. Any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

Within 30 days from the completion of the sale of Lot 3, the United States shall file a proposed order to disburse such proceeds in accordance with D.C.COLO.LCivR 67.2.

DATED this 12th day of August, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge