TAMARA W. ASHFORD
Acting Assistant Attorney General

AARON M. BAILEY
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 683
Ben Franklin Station
Washington, D.C. 20044
(202) 616-3164
aaron.m.bailey@usdoj.gov

*Of Counsel*
JOHN F. WALSH
United States Attorney

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-CV-1565-RM-KLM

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DAVID W. GOLDSTON, individually and
as Trustee of Old Times Holding Trust and
Trustee of High Mountain Holding Trust:
NANCY S. GOLDSTON, individually and as
Trustee of Old Times Holding Trust and
Trustee of High Mountain Holding Trust;
JANET SENNEKER; JAMES SENNEKER;
and W.W. INVESTMENT GROUP, LLC, as
Trustee of Old Times Holding Trust and
Trustee of High Mountain Holding Trust;
FIRST PINKSTON L.P.; GUNNISON COUNTY,
Defendants.

**STIPULATION TO PRIORITY OF INTERESTS**

1

11850318.1

IT IS HEREBY STIPULATED AND AGREED by the United States of America ("United States") and defendant Gunnison County (Colorado) that:

1. The United States filed its action to foreclose federal tax liens on certain residential real property located at Lots 2 and 3 of the Davenport Subdivision in Gunnison County, more particularly described in the Third Complaint (the "subject property").

2. The United States has recorded Notices of Federal Tax Lien with the Clerk and Recorder's Office of Gunnison County, Colorado pursuant to 26 U.S.C. § 6323(a) to make its liens against any and all real property owned by David Goldston and held by High Mountain Holding Trust and Old Times Holding Trust as his nominees, including the subject property, effective against persons entitled to such notice.

3. Gunnison County was named as a defendant in the Third Amended Complaint to fulfill the requirements of 26 U.S.C. § 7403(b).

4. The United States and Gunnison County agree that Gunnison County's current outstanding property taxes upon the subject property, including those for which certificates have been purchased but no Treasurer's Deed has issued, have priority over the federal tax liens at issue in this matter.

5. This stipulation defines only the relative priority, between the United States and the Gunnison County pursuant to the provisions of the Federal Tax Lien Act. This stipulation does not include an agreement as to the amount owed by the taxpayer David Goldston to the United States.

6. Gunnison County has no interest in the Complaint apart from ensuring that any

delinquent property taxes are paid.

7. The parties also stipulate that the Third Amended Complaint serves as an ongoing objection to any non-judicial transfer of the subject property, or any portion thereof (including Lot 3), by Gunnison County through the issuance of a Treasurer's Deed or otherwise. To the extent any third party should request such instrument from Gunnison County, this agreement serves as a temporary stipulated injunction against its issuance.

8. The United States will include in its proposed order of sale regarding its foreclosure claim against the subject property a provision that Gunnison County's liens shall be satisfied from the net proceeds of sale (after the costs of sale are paid) prior to any distribution to the United States or any other party to cover their liens or other ownership interest, in an amount according to proof at the time of sale. If the affected parties cannot stipulate to the amounts of lien, the Court may hold an evidentiary hearing to determine the amounts.

9. ~~In light of the foregoing, the interests of Gunnison County in the outcome of the claims asserted in the United States' Complaint are protected and there is no further reason for this defendant to participate with respect to those claims, nor to file an Answer to the United States' Complaint, with the exception of responding to limited discovery requests for documents related to the disposition of the subject property.~~

///
///

*The Court accepts the stipulation in lieu of Defendant Gunnison County's Answer to the Third Amended Complaint, and construes the stipulation to require Gunnison County to respond to limited discovery requests for documents related to the disposition of the subject property.* KLM

3

11850318.1

DATED this 16th day of September, 2014.

        TAMARA W. ASHFORD
        Acting Assistant Attorney General

        /s/ Aaron M. Bailey
        AARON M. BAILEY
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 683
        Ben Franklin Station
        Washington, D.C. 20044
        (202) 616-3164
        (202) 307-0054 (fax)
        aaron.m.bailey@usdoj.gov


        /s/ Art Trezise (original on file)
        ART TREZISE
        Deputy County Attorney
        Gunnison County Attorney's Office
        200 East Virginia Avenue, Suite 262
        Gunnison, CO 81230
        Office: (970) 641-5300  Fax: (970) 641-7696
        Email: atrezise@gunnisoncounty.org


APPROVED AND SO ORDERED.

DATED: 9/19/14

        _____
        UNITED STATES DISTRICT JUDGE

        KRISTEN L. MIX
        U.S. MAGISTRATE JUDGE
        DISTRICT OF COLORADO

11850318.1

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing STIPULATION has been made this 16th day of September, 2014, by depositing copies upon the parties hereto in the United States mail in a postage prepaid envelope addressed to the following:

David Goldston
Nancy Goldston
339 Lakeshore Court
Polk City, FL 33868

James Senneker
Janet L. Senneker
12125 Shaftsburg Rd.
Perry, MI 48872

Art Trezise
Deputy County Attorney
Gunnison County Attorney's Office
200 East Virginia Avenue, Suite 262
Gunnison, CO 81230

Robert M. O'Hayre
O'Hayre, Dawson & Norris, P.C.
120 North Taylor Street
P.O. Box 179
Gunnison, Colorado 81230
*Attorney for First Pinkston L.P.*

/s/ Aaron M. Bailey
AARON M. BAILEY
Trial Attorney, Tax Division

11850318.1