**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13-cv-01565-RM-KLM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID W. GOLDSTON, individually and
as Trustee of Old Times Holding Trust and
Trustee of High Mountain Holding Trust;
NANCY S. GOLDSTON, individually and
as Trustee of Old Times Holding Trust and
Trustee of High Mountain Holding Trust;
JANET SENNEKER; JAMES SENNEKER;
W.W. INVESTMENT GROUP, LLC, as
Trustee of Old Times Holding Trust and
Trustee of High Mountain Holding Trust;
FIRST PINKSTON, LP; GUNNISON COUNTY,

    Defendants.

---

**ORDER**

---

THIS MATTER is before the Court on the "Joint Motion for Entry of Partial Judgment Pursuant to Rule 54(b) as to Real Property Identified as 'Lot 2'" ("Joint Motion") (ECF No. 66), requesting partial judgment be entered in favor of the United States adjudging that: (1) defendant David Goldston is the true owner of Lot 2 that is the subject of this action; and (2) the United States has valid federal tax liens on Lot 2 which can be foreclosed upon and sold. The Goldston defendants are sued not only individually but also as trustees of Old Times Holding Trust and High Mountain Holding Trust (collectively, "Trusts").

In consideration of the Joint Motion, the Court has reviewed the Stipulation between the United States, David Goldston and Nancy Goldston (ECF No. 36); the Stipulation between the United States, Janet Senneker and James Senneker (ECF No. 30); the Order of May 19, 2014 (ECF No. 35); the Default Judgment against defendant W.W. Investment Group, LLC of August 8, 2014 (ECF No. 47); Partial Judgment entered as to Count Two of the Second Amended Complaint (ECF No. 48); and the Stipulation between the United States, First Pinkston, LP and Gunnison County (ECF No. 62) and Order (ECF No. 65) approving the Stipulation, as modified by the Court. In addition, the Court has considered the parties' positions during a status conference on January 30, 2015, other relevant parts of the file, and the applicable rules and case law. Based on the record, the Court finds that, there being no just reason for delay, pursuant to Fed. R. Civ. P. 54(b) final judgment shall enter in favor of the United States and against defendants David W. Goldston, Nancy S. Goldston, and W.W. Investment Group, LLC, as Trustee of the Trusts, as to Count One of the United States' Third Amended Complaint. Therefore it is

**ORDERED** that the Joint Motion for Entry of Partial Judgment Pursuant to Rule 54(b) as to Real Property Identified as "Lot 2" (ECF No. 66) is **GRANTED**; and it is

**FURTHER ORDERED, ADJUDGED and DECREED** that the issuance of the Treasurer's Deed by Gunnison County to First Pinkston, LP, putatively transferring title to Lot 2 of Davenport Ranch to that entity, is **VOID**; and it is

**FURTHER ORDERED, ADJUDGED and DECREED** that High Mountain Holding Trust held title to Lot 2 as nominee and alter ego of David W. Goldston; and it is

**FURTHER ORDERED, ADJUDGED and DECREED** that David W. Goldston is the true and beneficial owner of Lot 2; and it is

**FURTHER ORDERED, ADJUDGED and DECREED** that the United States has valid federal tax liens on the real property known as Lot 2 of Davenport Ranch[1] and the federal tax liens against that property can be foreclosed and sold accordingly; and it is

**FURTHER ORDERED, ADJUDGED and DECREED** that in accordance with the foregoing the Clerk of the Court shall enter **FINAL JUDGMENT** pursuant to Fed. R. Civ. P. 54(b), in favor of Plaintiff the United States of America and against Defendants David W. Goldston, Nancy S. Goldston, and W.W. Investment Group, LLC, as Trustee of Old Times Holding Trust, as to Count One (Foreclosure of Federal Tax Liens upon Lot 2) of the Third Amended Complaint; and it is

**FURTHER ORDERED, ADJUDGED and DECREED** that, unless this case is otherwise resolved in its entirety before then, within six (6) months of the date of this Order, the parties shall file a joint status report with the Court as to all pending matters.

DATED this 30th day of January, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[1] The properties that are the subject of this action are located in Gunnison County and are commonly referred to as Lot 2 and Lot 3 of the Davenport Ranch. The legal description of the Lot 2 is as follows:
  Lot No. 2, Davenport Ranch, a part of the Homestead Entry No. 266 as shown on the Plat of said Davenport Ranch recorded October 15, 1981 as Reception No. 363072 and in the Plat recorded December 21, 1988 as Reception No. 411675.